IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY A. FRANKS,<br><br>               Plaintiff,<br><br>    vs.<br><br>SGT. KALLEN NISSEN, in their individual capacity; SGT. MARC DRAPPEL, in their individual capacity; CPL. JOE BRYAN, in their individual capacity; CPL. HUSBANDS, in their individual capacity; DR. JEFFREY KASSELMAN, in their individual and official capacity; and DR. JEFFREY DAMME, in their individual and official capacity;<br><br>               Defendants. | **4:22CV3233**<br><br>**MEMORANDUM AND ORDER** |

      This matter comes before the Court on Plaintiff's two motions for default judgment filed on January 21, 2025, and February 5, 2025, respectively. Filing No. 40; Filing No. 41. On January 10, 2025, the Court gave Plaintiff until February 10, 2025, to file a motion for default judgment against defendants Sgt. Kallen Nissen ("Nissen") and Cpl. Joe Bryan ("Bryan") due to their failure to serve an answer within 21 days after being served with summons as required by Federal Rule of Civil Procedure 12(a). Filing No. 39. While Plaintiff timely filed his motions for default judgment, the Court concludes the motions must be denied for the reasons below.

      First, each of Plaintiff's motions consist of a single sentence simply requesting a "[m]otion for filing default judgement," Filing No. 40, and a

"motion for default judgment against defendants Nissen and Bryan" and "1/6 of the sueing [sic] amount for each," Filing No. 41. Plaintiff's motions do not comply with Federal Rule of Civil Procedure 55 ("Rule 55") and Nebraska Civil Rule 55.1 as Plaintiff has failed to first obtain a clerk's entry of default under Rule 55(a)[1] and Nebraska Civil Rule 55.1(a).[2] Only after obtaining a clerk's entry of default can Plaintiff then move for entry of a default judgment in accordance with Nebraska Civil Rule 55.1(b) or (c), both of which require the filing of an affidavit.[3]

---

[1] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

[2] As set forth in NECivR 55.1(a):

    (a) Clerk's Entry of Default.
        To obtain a clerk's entry of default under Federal Rule of Civil Procedure 55(a), a party must:
        (1) file a motion for the clerk's entry of default; and
        (2) e-mail a proposed clerk's entry of default to the clerk at clerk@ned.uscourts.gov. This clerk's entry of default should state that a default is being entered for failure to plead or otherwise defend under Federal Rule of Civil Procedure 55(a).

As a pro se prisoner, Plaintiff may submit a proposed clerk's entry of default by mail, rather than e-mail.

[3] Specifically, NECivR 55.1(b) and (c) provide:

    (b) Clerk's Entry of Default Judgment.
        If a party requests the clerk to enter a default judgment under Federal Rule of Civil Procedure 55(b)(1), the party must:
        (1) file a motion for clerk's judgment by default;
        (2) file an affidavit (a) stating the amount, for a sum certain or that can by computation be made certain, and that does not exceed the amount asked for in the complaint plus the exact computation of interest and costs, and (b) stating that the defendant against whom judgment is to be entered is not an infant or incompetent person as stated in Federal Rule of Civil Procedure 55(b)(1); and
        (3) e-mail a proposed clerk's judgment for the clerk's signature to clerk@ned.uscourts.gov.

    (c) Court's Entry of Default Judgment.
        If a party requests a judgment from the court under Federal Rule of Civil Procedure 55(b)(2), the party must, after obtaining a clerk's entry of default under Federal Rule of Civil Procedure 55(a) and Nebraska Civil Rule 55.1(a):
        (1) file a motion for default judgment;

More importantly, upon further review of the summons provided to Nissen and Bryan, the Court concludes these defendants have not been properly served. On September 27, 2024, Senior United States District Judge Joseph F. Bataillon directed the United States Marshals Service ("USMS") to serve Nissen and Bryan in their individual capacities. Filing No. 21. The order directed the USMS to serve the defendants in their individual capacities by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." *Id*. at 23. (citing Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); Federal Rule of Civil Procedure 4(j)(2); and Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.")). The order further directed the USMS to "serve Defendants Sgt. Kallen Nissen . . . [and] Cpl. Joe Bryan . . . in their individual capacities by certified mail or other authorized method of service at the Nebraska Department of Correctional Services' addresses shown above." *Id*. at 24 (citing Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribing method for serving an individual)). On January 3,

---

(2) file an affidavit stating that the party against whom the default judgment is requested is (a) not an infant or incompetent person as stated in Federal Rule of Civil Procedure Rule 55(b)(2) or (b) meets the exceptions stated in Federal Rule 55(b)(2);
(3) e-mail to the judge's chambers a proposed judgment; and
(4) in cases in which damages must be proved, request an evidentiary hearing before the trial judge.

3

2025, the USMS returned summons as executed. Filing Nos. 33, 34, 37, & 38. Review of each of these forms reflects the USMS utilized "FedEx Express Saver" to serve the defendants.

Rule 4(e) of the Federal Rules of Civil Procedure provides:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under Nebraska law, "[a]n individual party, other than a person under the age of fourteen years, may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01. Nebraska statute provides that "Designated delivery service"

> shall be made by (i) within ten days of issuance, sending the summons by a designated delivery service to the defendant, (ii) obtaining a signed delivery receipt showing to whom and where delivered and the date of delivery, and (iii) filing with the court proof of service with a copy of the signed delivery receipt attached. As used in this subdivision, a designated delivery

> service means a delivery service designated as such pursuant to 26 U.S.C. 7502(f) and a signed delivery receipt includes an electronic or facsimile receipt with an image of the recipient's signature.

Neb. Rev. Stat. § 25-505.01.

The designated delivery services referred to in 26 U.S.C. 7502(f) are those approved by the Secretary of the Internal Revenue Service. The current list of approved services can be found at: https://www.irs.gov/filing/private-delivery-services-pds.

Upon review of the docket, the documents returned by the USMS do not comply with the service requirements under Fed. R. Civ. P. 4 or Nebraska statutes. The defendants were not served by personal or residential service. Rather, the summons were sent using FedEx Express Saver. Although a number of FedEx services are approved as "designated delivery services," FedEx Express Saver is not on the approved designated delivery list. *See* 26 U.S.C. 7502(f); https://www.irs.gov/filing/private-delivery-services-pds. Additionally, although the summons were sent with a special handling request noting "Direct Signature Required" none of the documents include an image of the recipients' signatures.

The requirement for the officers of the court, including the USMS, to "issue and serve all process, and perform all duties" in IFP cases are mandatory. *See* 28 U.S.C. § 1915(d). The USMS has not properly served Nissen and Bryan in this case. As such, the Court will direct the USMS to serve these defendants in compliance with federal and Nebraska law, as outlined above. Accordingly,

IT IS ORDERED:

1. Plaintiff's motions for default judgment, Filing No. 40; Filing No. 41, are denied without prejudice to reassertion in the event defendants

Nissen and Bryan again fail to answer the Complaint after being properly served with summons.

2. The United States Marshals Service is ordered to re-serve defendants Sgt. Kallen Nissen and Cpl. Joe Bryan in their individual capacities as directed in Filing No. 21, and in accordance with this order.

3. For service of process on defendants Nissen and Bryan in their individual capacities, the Clerk of the Court is directed to complete two sets of summons and USM-285 forms for each defendant. The service address for the first set of forms is:

> Office of the Nebraska Attorney General
> 2115 State Capitol
> Lincoln, NE 68509

The service addresses for the second set of forms are as follows:

> Nebraska Department of Correctional Services
> Tecumseh State Correctional Institution
> PO Box 900
> Tecumseh, NE 68450.

4. The Clerk of the Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Complaint, Filing No. 7, the Court's September 27, 2024, Memorandum and Order, Filing No. 21, and this Memorandum and Order to the United States Marshals Service. The Marshals Service shall serve defendants Nissen and Bryan in their individual capacities by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service. *See* Fed. R. Civ. P. 4(e) and (j)(2); Neb. Rev. Stat. § 25-505.01; Neb. Rev. Stat. § 25-508.01; Neb. Rev. Stat. § 25-510.02(1); Neb. Rev. Stat. § 25-511.

5. For service by certified mail or designated delivery service, the Marshals Service shall serve defendants within ten days of the Clerk of the

Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

      6.    Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, under the circumstances, on the Court's own motion Plaintiff is granted an extension of time to **September 15, 2025**, to complete service of process.

      7.    The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 15, 2025**: service of process to be completed.

Dated this 17th day of June, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

7