IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY A. FRANKS,<br><br>            Plaintiff,<br><br>vs.<br><br>SGT. KALLEN NISSEN, in their individual capacity; SGT. MARC DRAPPEL, in their individual capacity; CPL. JOE BRYAN, in their individual capacity; CPL. HUSBANDS, in their individual capacity; DR. JEFFREY KASSELMAN, in their individual and official capacity; and DR. JEFFREY DAMME, in their individual and official capacity;<br><br>            Defendants. | **4:22CV3233**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court for case management. On June 17, 2025, the Court entered a Memorandum and Order, Filing No. 42, directing service of process on Defendants Sgt. Kallen Nissen and Cpl. Joe Bryan. On July 1, 2025, the summons issued to Nissen and Bryan at the address for the Tecumseh State Correctional Institution ("TSCI") were returned executed. Filing No. 46; Filing No. 47. However, on July 17, 2025, the Nebraska Department of Correctional Services ("NDCS") provided notice to the Court that the summonses delivered to Nissen and Bryan at TSCI were not actually received by them as neither Defendant is currently employed by NDCS. Filing No. 48. Accordingly,

IT IS ORDERED that:

1. The Clerk of Court is directed to obtain the last known addresses for Defendants Sgt. Kallen Nissen and Cpl. Joe Bryan from the Marshals Service for service of process on them in their individual capacities.

2. Upon obtaining the necessary addresses, the Clerk of Court is directed to complete and issue summonses for Defendants Sgt. Kallen Nissen and Cpl. Joe Bryan in their individual capacities at the addresses provided by the Marshals Service. The Clerk of Court is further directed to deliver the summonses, the necessary USM-285 Forms, the Complaint, Filing No. 7, a copy of the Court's September 27, 2024, Memorandum and Order, Filing No. 21, a copy of the Court's June 17, 2025, Memorandum and Order, Filing No. 42, and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendants Sgt. Kallen Nissen and Cpl. Joe Bryan in their individual capacities. Service may be accomplished by certified mail, designated delivery service, or any other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01. [1]

3. For service by certified mail or designated delivery service, the Marshals Service shall send the summons to Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

4. The Clerk of Court is directed to file under seal any document containing the last known personal addresses for Defendants Sgt. Kallen Nissen and Cpl. Joe Bryan.

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, under the circumstances, on the Court's own motion Plaintiff is granted an extension of time to **February 2, 2026**, to complete service of process.

7. The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 2, 2026**: service of process to be completed on Nissen and Bryan.

Dated this 2nd day of December, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

3