IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY A. FRANKS,<br><br>        Plaintiff,<br><br>  vs.<br><br>SGT. KALLEN NISSEN, in their individual capacity; SGT. MARC DRAPPEL, in their individual capacity; CPL. JOE BRYAN, in their individual capacity; CPL. HUSBANDS, in their individual capacity; DR. JEFFREY KASSELMAN, in their individual and official capacity; and DR. JEFFREY DAMME, in their individual and official capacity;<br><br>        Defendants. | **4:22CV3233**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on two motions for subpoenas, Filing No. 69; Filing No. 72,[1] a motion for an emergency injunction and for an independent medical examiner, Filing No. 73, a motion for leave to amend, Filing No. 75, a motion for appointment of counsel, Filing No. 74, and a motion to compel discovery, Filing No. 78, filed by Plaintiff. Also before the Court is the defendants' motion for additional time to file a summary judgment motion. Filing No. 80. Each motion will be addressed in turn.

---

[1] The motion for subpoena at Filing No. 72 also includes a copy of Plaintiff's first set of requests for admission to the defendants, Filing No. 72 at 3–8, and what appear to be documents provided in response to the defendants' discovery requests, *Id.* at 9–24. For purposes of this order, the Court considers only the first two pages of Filing No. 72 as the motion for subpoena.

## I. MOTIONS FOR SUBPOENAS

On April 2 and April 7, 2026, Plaintiff filed what the Court construes as motions for subpoenas in which he asks for a "witness subpoena," Filing No. 72 at 1, for a to-be-determined "specialist orthopedic surgeon," Filing No. 69 at 1, and for "two subpoenas duces tecum under Rule 34(a)(1) to TSCI/NDCS" for the following:

> a copy of the video in holding on [October 23, 2020,] and 'F' unit video, plus the policies for medical facility and personnel, and the policies for the use of force, pepper spray and excessive use of force, and to request all documents from St. Elizabeth's hospital in Lincoln, Nebraska, on [June 4, 2021,] for the surgery of Jeremy A. Franks' right shoulder reconstruction, policies and procedures for all surgeries and the policies and procedures to tell patients what they are specifically doing and potential outcomes and warnings of surgery gone bad, bad outcomes, negligence [and] malpractice. And the picture from [October 24, 2020,] on the Misconduct report.

Filing No. 72 at 1 (punctuation corrected); *see also* Filing No. 69 (reiterating information requested).

With respect to Plaintiff's request for two subpoenas duces tecum under Federal Rule of Civil Procedure 34(a)(1), Plaintiff states the subpoenas seek to obtain information from "TSCI/NDCS," or Tecumseh State Correctional Institution and the Nebraska Department of Correctional Services. As NDCS is or was the employer of several of the defendants, Plaintiff effectively seeks discovery from the defendants, but a subpoena duces tecum is not required to obtain such discovery. Rather, Plaintiff's request for discovery pursuant to Rule 34 requires Plaintiff to serve a request on another party to produce relevant and non-privileged documents in the party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Discovery requests must be served directly upon the opposing party. *See* Fed. R. Civ. P. 33, 34, & 36. Plaintiff addressed his requests to the Clerk of Court and has not served his requests on the

defendants. As Plaintiff's request for issuance of subpoenas duces tecum to the defendants under Rule 34(a)(1) is improper, the request is denied.

Liberally construed, Plaintiff also requests the issuance of a subpoena to non-party, St. Elizabeth's Hospital in Lincoln, Nebraska, for documents related to his June 4, 2021, surgery and the policies and procedures regarding surgeries and a patient's informed consent. Filing No. 69; Filing No. 72 at 1. As stated in Federal Rule of Civil Procedure 45, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The Court's local rule governing subpoenas to nonparties further specifies that:

> **(a) Notice to Adverse Party**. No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party notice stating the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will issue.

> **(b) Objections**. After receipt of the notice, the adverse party has 7 days to serve written objections to the subpoena on the noticing party. The adverse party must specifically identify the grounds for the objections and must file a certificate of service with the court. No subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections. Any unresolved objections will be resolved by the court on appropriate motion filed in accordance with Nebraska Civil Rule 7.1. Nothing in this rule affects the availability of objections described in Federal Rule of Civil Procedure 45(d) and (e).

> **(c) Effect of Failure to Object**. Failure to object to issuance of a subpoena to a nonparty does not preclude an adverse party from moving for a protective order under Federal Rule of Civil Procedure 26(c).

NECivR 45.1(a)–(c).

Here, Plaintiff has not complied with Rule 45 or the Court's local rule with respect to subpoenas to a nonparty. The Court, therefore, will deny Plaintiff's request to issue a subpoena to St. Elizabeth's Hospital. The Court will, however, direct the Clerk of Court to provide Plaintiff the standard form AO 88B "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (also available online on the Court's website, https://www.ned.uscourts.gov/forms).

Finally, to the extent Plaintiff seeks the issuance of a "witness subpoena" to obtain the testimony of an unspecified witness, no hearing or trial has been set so a subpoena to secure a non-party witness' attendance is not warranted at this time and his request is denied. If Plaintiff seeks the issuance of a subpoena to have the non-party witness testify at a deposition, then Plaintiff may request the Clerk of the Court to provide him with the standard AO 88A "Subpoena to Testify at a Deposition in a Civil Action." Plaintiff also must comply with Fed. R. Civ. P. 45 in issuing such subpoenas, which requires Plaintiff to specify a method for recording the testimony, Fed. R. Civ. P. 45(a)(1)(B), and to pay the witness fees for one day's attendance, along with mileage, Fed. R. Civ. P. 45(b)(1).

## II. MOTION FOR EMERGENCY INJUNCTION

Plaintiff filed a motion on April 14, 2026, for an emergency injunction due to Plaintiff "being targeted as of today [April 8, 2026,] by two female managers, Vaga and Telert," who conducted two searches of Plaintiff's cell and demanded only Plaintiff, and not his cellmate, be "blue boxed[,] . . . which is what you put all your property in and can only be 4 cubic f[ee]t of property." Filing No. 73 at 1. Plaintiff states Vaga screamed at him for not having a hobby card for some birthday cards for his children and said, "[A]t least I got you on

something, now I can write you up on a Misconduct Report." *Id*. Plaintiff also believes Vaga was reading his legal papers while searching his cell and that Vaga and Telert were retaliating against him for his grievances regarding his shoulder and for this lawsuit. Plaintiff states he also filed grievances against librarian Angelica Brewer for obstructing this lawsuit because "she stated she would only make copies once and that's it." *Id*. Plaintiff also requests "imminent danger of serious medical injury and disability" because "medical is refusing to fix [his] shoulder leaving [him] crippled." *Id*.

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's motion. In *Dataphase*, the Eighth Circuit Court of Appeals, sitting en banc, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id*. at 114. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

The Court has carefully reviewed the record and finds that Plaintiff's allegations do not entitle him to preliminary injunctive relief. Plaintiff has not demonstrated that he faces a threat of irreparable harm. Plaintiff alleges an isolated incident of what he believes to be retaliatory behavior, but he has not demonstrated that an irreparable injury is likely to occur as a result. With respect to the alleged imminent danger he faces as a result of the lack of treatment to his shoulder, his conclusory allegations likewise fail to suggest

irreparable harm warranting injunctive relief. Accordingly, the Court will deny Plaintiff's request for emergency injunctive relief.

### III. MOTION FOR INDEPENDENT MEDICAL EXAMINER

Plaintiff also asks the Court to appoint an independent medical examiner under Federal Rule of Evidence 706 based on his inability to pay for a private medical examiner, the complexity of the issues in this case, his limited knowledge of the law and medical issues, and his lack of shoulder and arm mobility due to his previous surgery. Filing No. 73 at 2. Rule 706 authorizes the Court to appoint an expert witness to testify in an action and order reasonable compensation be paid to the witness by the parties in such proportion as the Court directs. Fed. R. Evid. 706(a), (c).

> Courts have considerable discretion in deciding whether to appoint an expert pursuant to Rule 706 and in apportioning costs under that provision when one party is indigent. *See Severance v. Chastain*, No. 4:15-CV-74 CAS, 2018 WL 1251915, at \*2 (E.D. Mo. Mar. 12, 2018) (citing cases). Nevertheless, courts rarely exercise their authority under Rule 706, requiring extraordinary and compelling circumstances to justify appointing an expert witness under this rule. *See Malady v. Corizon*, No. 1:13CV80 SNLJ, 2013 WL 5835995, at \*1–2 (E.D. Mo. Oct. 30, 2013) (citing *In re Joint Eastern and Southern Districts Asbestos Litigation*, 830 F. Supp. 686, 693 (E. & S.D.N.Y. 1993)) (citing Fed. R. Evid. 706, Advisory Comm. Note ("experience indicates that actual appointment is a relatively infrequent occurrence")); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984) (court should appoint an expert witness only under compelling circumstances) (subsequent history omitted).

*Houston v. Corizon Health Care*, 513 F. Supp. 3d 1100, 1100–01 (E.D. Mo. 2021), *reconsideration denied*, No. 4:20-CV-00291-JAR, 2021 WL 1616201 (E.D. Mo. Apr. 26, 2021).

Here, Plaintiff has not shown compelling circumstances warranting the appointment of an expert witness. His medical deliberate indifference claims

against defendants Dr. Kasselman and Dr. Damme concern their alleged failure to order pain medication after his right shoulder surgery and to provide treatment for other injuries he sustained as a result of the alleged excessive force Plaintiff was subjected to by other defendants. Proof in this case will rely largely on Plaintiff's medical records, and Plaintiff is able to testify to the effects he experienced from the delay in providing pain medication and treatment. Because the purpose of Rule 706, to assist the factfinding of the court, would not be served by appointing Plaintiff a court-appointed expert at this point in the proceedings, the Court will deny the motion without prejudice.

## IV. MOTION FOR LEAVE TO AMEND

On April 7, 2026, Plaintiff filed a motion seeking leave to amend his complaint to add additional background information about his medical conditions, the events underlying his claims against the current defendants, and "enough information for some defendants released from the lawsuit." Filing No. 75 at 1–3. Plaintiff also seeks to add Dr. Thomas G. Herbert, the orthopedic surgeon who performed his June 4, 2021, shoulder surgery, and St. Elizabeth's Hospital in Lincoln, Nebraska, as defendants. *Id.* at 3. Included within Plaintiff's motion is a "proposed amended complaint," *Id.*, that Plaintiff appears to wish "to add to the original complaint for damages and injunctive relief under 42 U.S.C. § 1983," *Id.* at 9. Plaintiff also appears to assert new claims against three defendants—Pedraza, Simms, and Erickson—who were previously dismissed from this action on initial review. *Id.* at 8; *see also* Filing No. 21 at 14–15.

A district court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a). "A decision whether to allow a party to amend [his] complaint is left to the sound discretion of the district court . . . ." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)).

7

However, pursuant to Nebraska Civil Rule 15.1, "[a] party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading." NECivR 15.1(a). Additionally, "[t]he motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties." *Id*.

Here, Plaintiff did not comply with the local rules when filing his motion for leave to amend his complaint. The Court's progression order specifically advised that "[t]he parties must comply with the provisions of NECivR 15.1 when moving to amend the pleadings." Filing No. 59 at 1. Accordingly, the Court will deny Plaintiff's motion for leave to amend.[2]

## V. APPOINTMENT OF COUNSEL

Plaintiff requests that the Court appoint him counsel as he is unable to afford or obtain his own counsel, he has limited knowledge of the law, and the issues in this case are complex. Filing No. 74 at 1. In particular, Plaintiff argues this case is complex and will require medical expert testimony based on "the experimental surgery leaving him crippled." *Id*. at 3.

---

[2] The Court notes that, in addition to not complying with the Court's local rules, Plaintiff's proposed amendments adding new defendants Dr. Herbert and St. Elizabeth's Hospital and new claims against previously dismissed defendants Pedraza, Simms, and Erickson appear to be futile as such amendments do not appear to arise out of the same common core of operative facts set out in the original complaint nor is there any indication that at least Dr. Herbert and St. Elizabeth's Hospital received timely notice of this action as required by Fed. R. Civ. P. 15(c), which governs relation back of amendments. *See Johnson v. King*, No. 4:19-CV-04111, 2020 WL 2873399, at \*4 (W.D. Ark. May 14, 2020) ("For an amended pleading to relate back, for statute of limitations purposes, to the original, timely-filed pleading, new claims asserted in an amended pleading must arise out of the same set of facts as the original claims, and 'the facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim.'" (quoting Taylor v. U.S., 792 F.3d 865 (8th Cir. 2015) (internal quotation omitted))), *report and recommendation adopted*, No. 4:19-CV-4111, 2020 WL 2850391 (W.D. Ark. June 2, 2020).

8

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook,* 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't,* 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996)).

First, as for the complexity factors, the Court finds that this is a relatively straightforward excessive force and deliberate indifference to medical needs case for which there is ample legal authority. *See Recca,* 859 F. App'x at 4. While Plaintiff argues the complex issues surrounding his "experimental surgery" warrant the appointment of counsel, Plaintiff's medical deliberate indifference claims in this case do not concern Plaintiff's surgery but rather Dr. Kasselman's and Dr. Damme's failure to provide Plaintiff pain medication after his surgery and to properly treat his injuries arising out of the October 2020 alleged excessive force incident. As such, this factor does not weigh in favor of appointment.

Second, the record before the Court suggests that Plaintiff has the ability to investigate the facts. For instance, Plaintiff attached a number of exhibits to his Complaint, Filing No. 7, including grievances and inmate interview requests, to support his allegations, and he has supplied medical records and other documents in response to defendants' discovery requests, Filing No. 62; Filing No. 70; Filing No. 72 at 9–24. *See Recca,* 859 F. App'x at 4–5 (citing *McNeil v. Lowney,* 831 F.2d 1368, 1372 (7th Cir. 1987)).

9

Third, the record before the Court suggests that Plaintiff has the ability to present his claims, at least through the discovery and summary-judgment stages of the litigation. Plaintiff's pro se filings are generally well-written. *See id.* at 5 (citing *Ward v. Smith,* 721 F.3d 940, 943 (8th Cir. 2013); *Nachtigall v. Class,* 48 F.3d 1076, 1082 (8th Cir. 1995)). Plaintiff has filed copies of his responses to the defendants' discovery requests, Filing No. 63, as well as copies of Plaintiff's discovery requests to defendants, Filing No. 61; Filing No. 64; Filing No. 65; Filing No. 72 at 3–8. These filings reinforce the impression that Plaintiff is "capable of self-representation" through this stage of the litigation. *See Recca,* 859 F. App'x at 5 (quoting *McCall v. Benson,* 114 F.3d 754, 756 (8th Cir. 1997)). Further reinforcing this impression, Plaintiff has filed a motion to compel written discovery, Filing No. 78, and certified that he has attempted to confer with the defendants in good faith before filing his motion as required by Federal Rule of Civil Procedure 37 and Nebraska Civil Rule 7.1(j), "suggesting both an awareness of the procedural rules relevant to his case and an ability to comply with those rules to avoid inadvertently defaulting his claims." *Recca,* 859 F. App'x at 5.

Fourth, as for the presence or absence of disputed testimony, although this case ultimately may turn on resolving the dispute between Plaintiff's version of events and the defendants' version of events, as well as a credibility assessment of the parties if the case proceeds to trial, it has not yet progressed to that stage. *See Recca,* 859 F. App'x at 5. "Thus, this factor does not weigh heavily in the analysis." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1323 (8th Cir. 1986) ("[T]he weight to be given any one factor will vary with the case."); *Rager v. Augustine,* 760 F. App'x 947, 949-50 (11th Cir. 2019) (per curiam) (discounting this factor where "the district court dismissed [the] claims

10

at the summary judgment and dismissal stages, before any trial skills were necessary")).

As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See id.* (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). On this record and having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion.

## VI. MOTION TO COMPEL DISCOVERY

On May 22, 2026, Plaintiff filed a motion to compel written discovery. Filing No. 78. The defendants have not responded to the motion. A motion to compel a discovery response can be made when "a party fails to answer an interrogatory submitted under Rule 33" of the Federal Rules of Civil Procedure or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii) & (iv). A party has 30 days after being properly served with discovery requests to respond. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), & 36(a)(3).

Plaintiff states he sent interrogatories, requests for production, and requests for admission to the defendants, but they have gone unanswered. Plaintiff also states he has conferred or attempted to confer in good faith with the defendants to obtain the discovery without court action, Filing No. 78 at 1, and he filed a letter addressed to the defendants' counsel and dated May 6, 2026, in which he inquires about the defendants' time frame for providing responses to Plaintiff's discovery requests sent in March or whether the defendants intend to respond at all, Filing No. 77. Plaintiff, thus, has satisfied the "personal consultation" requirement before filing the motion to compel. NECivR 7.1(j); *see also* Fed. R. Civ. P. 37(a)(1).

While Plaintiff states he sent his discovery requests to the defendants, the Court has concerns about whether Plaintiff's discovery requests were

properly served on the defendants. Discovery requests and responses must be served directly upon the opposing party, *see* Fed. R. Civ. P. 33–36, and discovery documents filed with the Court are not deemed to be served in accordance with the applicable Federal Rules of Civil Procedure.

In his motion, Plaintiff cites to several docket entries in this case seemingly for the purpose of showing the dates he filed and served various discovery documents. The filings cited include two disclosure documents filed on March 27, 2026, which consist of Plaintiff's first set of requests for production, Filing No. 64, and first set of interrogatories, Filing No. 65. Plaintiff, however, does not specifically reference the motion for subpoenas filed on April 7, 2026, which also contains a copy of Plaintiff's first set of requests for admission to defendants. *See* Filing No. 72 at 3–8. The certificates of service on Plaintiff's requests for interrogatories and requests for admission certify that Plaintiff mailed the documents "with the Clerk of the United States District Court for the District of Nebraska" and "to the Defendants by first class mail" to the address of the Nebraska Attorney General's Office on March 22, 2026, and March 25, 2026. Filing No. 65 at 5; Filing No. 72 at 8. However, the certificate of service on Plaintiff's requests for production states that Plaintiff "mailed the foregoing document *with* the Clerk of the United States District Court for the District of Nebraska *to the Defendants,* to" the address of the Nebraska Attorney General. Filing No. 64 at 4 (emphasis added). Based on this language, Plaintiff's filing of his discovery documents in this Court, and his apparent reliance on those filings to show the documents were served on the defendants, the Court is concerned that Plaintiff may have only filed his discovery requests with the Clerk of the Court, rather than serving the discovery requests in a separate mailing sent directly to the defendants' counsel.

12

Additionally, on July 8, 2026, new counsel for the defendants entered an appearance, Filing No. 79, and filed a motion to extend the time for filing a summary judgment motion, Filing No. 80, based on counsel's recent assignment to the case. Given the Court's stated concerns regarding service and the recent change in the defendant's counsel, the Court will order the defendants to show cause why Plaintiff's motion to compel should not be granted for failure to respond to Plaintiff's discovery requests.

## VII. DEFENDANTS' MOTION FOR ADDITIONAL TIME

As indicated above, on July 8, 2026, the defendants filed a motion seeking a 30-day extension of time to file a summary judgment motion in light of counsel's recent assignment to this case and counsel's need to review the relevant documents and prepare a summary judgment motion. Filing No. 80. Upon consideration, and for good cause shown, the Court will grant the defendants' motion for additional time as set forth below.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's motions for subpoenas, Filing No. 69; Filing No. 72, motion for emergency injunction and for an independent medical examiner, Filing No. 73, and motion for leave to file an amended complaint, Filing No. 75, are denied for the reasons stated in this order.

2.    Plaintiff's motion for appointment of counsel, Filing No. 74, is denied without prejudice to reassertion.

3.    The defendants shall have until **July 29, 2026,** to show cause why Plaintiff's motion to compel written discovery, Filing No. 78, should not be granted. **Failure to respond to this order may result in the imposition of sanctions under Fed. R. Civ. P. 37(b)**.

4.    The defendants' motion for additional time to file a summary judgment motion, Filing No. 80, is granted. The defendants shall have until August 10, 2026, to file a summary judgment or other dispositive motion.

13

5.    The Clerk of Court is directed to set the following pro se case management deadlines using the following text

    a.    **July 29, 2026**: deadline for the defendants to show cause regarding motion to compel.

    b.    **August 10, 2026**: deadline for dispositive motions.

Dated this 15th day of July, 2026.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge