IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEREMY A. FRANKS,

Plaintiff,

vs.

SGT. KALLEN NISSEN, in their individual capacity; SGT. MARC DRAPPEL, in their individual capacity; CPL. JOE BRYAN, in their individual capacity; CPL. HUSBANDS, in their individual capacity; DR. JEFFREY KASSELMAN, in their individual and official capacity; and DR. JEFFREY DAMME, in their individual and official capacity;

Defendants.

**4:22CV3233**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' response, Filing No. 84, to the Court's July 15, 2026, order, Filing No. 81, requiring Defendants to show cause why Plaintiff's motion to compel discovery, Filing No. 78, should not be granted. Also before the Court are Defendants' motion to extend, Filing No. 85, and a motion to restrict, Filing No. 87. For the reasons that follow, the Court will grant Plaintiff's motion to compel discovery and require Defendants to respond to Plaintiff's requests for written discovery. The Court will also grant Defendants' motion to extend and motion to restrict and will, on its own motion, extend the time in which Plaintiff must respond to Defendants' summary judgment motion, *see* Filing No. 86.

## I. PLAINTIFF'S MOTION TO COMPEL DISCOVERY

As discussed in the Court's prior order, *see* Filing No. 81 at 11–13, Plaintiff filed a motion to compel written discovery on May 22, 2026, to which Defendants did not respond. Filing No. 78. As it appeared Plaintiff had served his discovery requests on Defendants, the Court required Defendants to show cause why the motion to compel should not be granted. On July 29, 2026, Defendants filed their response indicating that Plaintiff's discovery requests had been overlooked as they were included amongst Plaintiff's supplemental responses to Defendants' requests for production of documents. Filing No. 84 at 2. Defendants also acknowledge they received Plaintiff's motion to compel, but Defendants failed to respond due to an oversight in properly calendaring the response deadline.

Giving Defendants the benefit of the doubt, the Court concludes their failure to respond to Plaintiff's discovery requests appears to be the result of excusable neglect. While the better practice may have been for Plaintiff to serve his discovery requests separately from his supplemental responses, an inmate like Plaintiff often has limited access to envelopes and other mailing supplies so it is understandable that Plaintiff would serve multiple documents in one mailing. Under the circumstances, and because Plaintiff seeks to compel Defendants' discovery responses, the Court will grant Plaintiff's motion to compel and require Defendants to respond to Plaintiff's requests for written discovery, Filing No. 64; Filing No. 65; Filing No. 72 at 3–8, by September 17, 2026.

## II. DEFENDANTS' MOTIONS

### A. Motion to Extend

On August 10, 2026, Defendants filed a motion to extend the deadline for filing dispositive motions by one day to August 11, 2026. Filing No. 85.

Defendants' request was prompted by the unexpected unavailability of their main declarant. Defendants filed their motion for summary judgment, Filing No. 86, on August 11, 2026.

Upon consideration, Defendants' motion to extend is granted and their summary judgment motion filed on August 11, 2026, is deemed timely filed. In light of the Court's ruling on Plaintiff's motion to compel and Defendants' obligation to provide their discovery responses by September 17, 2026, the Court, on its own motion, extends Plaintiff's deadline for filing and serving his brief in opposition to Defendants' summary judgment motion to 30 days after Defendants' serve their discovery responses on Plaintiff.

**B. Motion to Restrict**

With their summary judgment motion, Defendants filed a motion seeking permission to restrict the documents identified as Exhibit 11 in their evidence index, Filing No. 88, and provisionally filed under restriction at Filing No. 89 because the documents contain information regarding Plaintiff's confidential individual inmate medical records. Filing No. 87.

Upon consideration, the Court will grant Defendants' motion and access to Exhibit 11 at Filing No. 89 is restricted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to compel discovery, Filing No. 78, is granted. Defendants shall serve responses to Plaintiff's requests for written discovery by **September 17, 2026**, and shall file a certificate of service with the Court at the time they serve their responses on Plaintiff.

2. Defendants' motion to extend, Filing No. 85, is granted. Defendants' motion for summary judgment filed August 11, 2026, is deemed timely filed.

3. On the Court's own motion, Plaintiff shall have 30 days after Defendants serve their discovery responses to file and serve his brief in opposition to Defendants' summary judgment motion in accordance with NECivR 56.1(b). If Plaintiff needs additional time to file his brief, he may request additional time through a written motion to the Court before expiration of the deadline.

4. Defendants' motion to restrict, Filing No. 87, is granted and access to Filing No. 89 is restricted.

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 17, 2026**: deadline for Defendants to serve discovery responses.

Dated this 18th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge