IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEREMY A. FRANKS,

Plaintiff,

vs.

SGT. KALLEN NISSEN, in their individual capacity; SGT. MARC DRAPPEL, in their individual capacity; CPL. JOE BRYAN, in their individual capacity; CPL. HUSBANDS, in their individual capacity; DR. JEFFREY KASSELMAN, in their individual and official capacity; and DR. JEFFREY DAMME, in their individual and official capacity;

Defendants.

**4:22CV3233**

**MEMORANDUM AND ORDER**

This matter is before the Court for case management and on Plaintiff's "Response to reception of summary judgment and order of the court" (the "Response"), Filing No. 97, and what the Court construes as a notice, Filing No. 98. As explained below, the Court will require Defendants to show cause for their failure to serve their responses to Plaintiff's discovery requests and will continue the final pretrial conference.

As an initial matter, Plaintiff indicates in his Response that he has received Defendants' summary judgment motion, but he asks for clarification regarding the Court's order granting Defendants' motion for permission to restrict Exhibit 11. Filing No. 97. Plaintiff asks if restricting this exhibit "prohibit[s] future arguments to this Exhibit 11 or at trial from presenting

it." *Id*. (spelling corrected). Plaintiff is advised that, by granting Defendants' request to restrict Exhibit 11, the Court simply has restricted the public's access to the document and the document does not appear on the public electronic docket sheet. *See* NECivR 5.3(c)(3). Both Plaintiff and Defendant have access to and may use Exhibit 11 as they deem fit.

As to Plaintiff's notice filed on September 28, 2026, Plaintiff indicates he had not "receive[d] anything from the defendants regarding discovery" as of September 22, 2026, Filing No. 98, even though the Court ordered Defendants to serve their responses to Plaintiff's written discovery requests by September 17, 2026, *see* Filing No. 94. Defendants have not filed a certificate of service showing that they served their discovery responses by the September 17, 2026, deadline. Accordingly, the Court will order Defendants to show cause by October 13, 2026, why sanctions should not be imposed for their failure to comply with the Court's August 18, 2026, order requiring them to serve their discovery responses on Plaintiff.

Because there are pending discovery issues and a pending summary judgment motion to which Plaintiff has not had an opportunity to respond to yet, the Court, on its own motion, will continue the upcoming final pretrial conference on its own motion.

IT IS THEREFORE ORDERED that:

1. Defendants shall have until **October 13, 2026,** to show cause for their failure to comply with the Court's August 18, 2026, order, Filing No. 94, requiring service of Defendants' discovery responses by September 17, 2026. **Failure to respond to this order may result in the imposition of sanctions under Fed. R. Civ. P. 37(b)**.

2. The Clerk of Court is directed to set a pro se case management deadline using the following text: **October 13, 2026**: deadline for Defendants to show cause regarding service of discovery.

3. The Final Pretrial Conference scheduled for October 13, 2026, is continued until further order of the Court and may be rescheduled after the resolution of the pending discovery matters and summary judgment motion.

4. The Clerk of Court shall transmit a copy of this Order to Magistrate Judge DeLuca's chambers.

Dated this 5th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge